# NO. 12-22-00197-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LIVINGSTONE SYDWELL ZITHA,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Livingstone Sydwell Zitha appeals his conviction for theft from a nonprofit organization. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with theft of U.S. currency valued between $2,500 and $30,000 from Carpenter's Cross Church, a nonprofit organization, a third-degree felony.[1] He pleaded "not guilty," and the matter proceeded to a jury trial. At trial, the evidence showed that Appellant represented to his church members that he had a "calling" to support a South African church and orphanage in need of financial assistance. The church and its members directed "love offerings" to Appellant to support the South African church and orphanage. The church's elders began questioning the legitimacy of Appellant's representations, which were later revealed to be false. The "love offerings" occurred from August 2017 until October 2017. The jury ultimately

---

[1] TEX. PENAL CODE ANN. § 31.03 (e)(4), (f) (West 2019).

found Appellant "guilty."[2]  Following the jury's "guilty" verdict, Appellant and the State reached an agreement regarding punishment.  The trial court sentenced Appellant to three years confinement in accordance with the agreement.  This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*.  Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  He further relates that he is well acquainted with the facts in this case.  In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[3]  We likewise reviewed the record for reversible error and found none.

### CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel requested leave to withdraw.[4]  *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  Finding no reversible error, Appellant's counsel's request for leave to withdraw is hereby **granted** and the appeal is **affirmed**.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for

---

[2] Appellant was also charged with forgery; however, the jury found Appellant "not guilty" of that offense and it is not subject to this appeal.

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his request to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief expired, and no pro se brief has been filed.

[4] Appellant's counsel did not file a separate motion to withdraw.  However, he notified Appellant of his request to withdraw, and he requested permission to withdraw in his brief.

discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 17, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 17, 2023**

**NO. 12-22-00197-CR**

**LIVINGSTONE SYDWELL ZITHA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1258-19)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*